LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
(212) 465-1180
*Attorneys for Plaintiff, FLSA Collective Plaintiffs,
and the Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| NOE GALVEZ RAMIREZ, *on behalf of himself, FLSA Collective Plaintiffs and Class Members*, | Case No.: |
| Plaintiff, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| -against- | |
| COLUMBUS RESTAURANT FUND IV, LLC, d/b/a PORTER HOUSE NEW YORK, and MICHAEL LOMONACO, | JURY TRIAL DEMANDED |
| Defendants. | |

---

### COMPLAINT

Plaintiff, NOE GALVEZ RAMIREZ (hereinafter, "Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned attorney, hereby files this Class and Collective Action Complaint against Defendants, COLUMBUS RESTAURANT FUND IV, LLC d/b/a, PORTER HOUSE NEW YORK (the "Corporate Defendant"), and MICHAEL LOMONACO ("Individual Defendant," and together with Corporate Defendant, "Defendants") and states as follows:

### INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid wages due to

time-shaving, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid wages due to time-shaving, (2) liquidated damages, (3) statutory penalties, and (4) attorneys' fees and costs.

3. Plaintiff alleges that, pursuant to New York State Human Rights Law, New York Executive Law § 296, ("NYSHRL") Plaintiff is entitled to recover from Defendants for discrimination based on his disability: (1) back pay, (2) front pay, (3) compensatory damages, (4) punitive damages and (5) attorneys' fees and costs.

4. Plaintiff further alleges that, pursuant to New York City Human Rights Law, Administrative Code of the City of New York § 8-107, ("NYCHRL") Plaintiff is entitled to recover from Defendants for discrimination based on his disability: (1) back pay, (2) front pay, (3) compensatory damages, (4) punitive damages and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

7. At all times relevant herein, Plaintiff NOE GALVEZ RAMIREZ was and is a resident of the State of New York, New York County.

8. At all times relevant herein, Defendant COLUMBUS RESTAURANT FUND IV, LLC d/b/a, PORTER HOUSE NEW YORK was and is a Delaware limited-liability company duly registered with and doing business by virtue of the laws of the State of New York, and having its

principal place of business at 10 Columbus Circle, 4th Floor, New York, New York.

9. Individual Defendant MICHAEL LOMONACO exercises operational control as it relates to all employees including Plaintiff. Individual Defendant MICHAEL LOMONACO exercise the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff. At all times, employees could complain to Individual Defendant MICHAEL LOMONACO directly regarding any of the terms of their employment, and Individual Defendant MICHAEL LOMONACO would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Individual Defendant MICHAEL LOMONACO ensured that employees worked effectively and that the business was operating efficiently and profitably. Individual Defendant MICHAEL LOMONACO exercised functional control over the business and financial operations of Corporate Defendant. Individual Defendant MICHAEL LOMONACO had the power and authority to supervise and control supervisors of Plaintiff and could reprimand employees.

10. Defendants own and operate two locations at 10 Columbus Circle: Porter House New York, and Center Bar. These locations are operated as a single enterprise ("Restaurant"). Both locations are engaged in related activities, share common ownership and/or management (per Defendants' website, http://porterhousenyc.com/, Individual Defendant MICHAEL LOMONACO is the executive chef of Porter House and "chef and partner" of Center Bar), and have a common business purpose. Employees move interchangeably between the two locations as needed, and Defendants provide the same terms of employment to employees at both locations.

11. At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and New York Labor Law and the Regulations thereunder.

12. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees (including servers, bussers, food runners, food preparers, dishwashers and cooks, among others) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14. At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper wages due to time shaving. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

15. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

16. Plaintiff brings claims for relief as a collective action pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees (including servers, bussers, food runners, food preparers, dishwashers and cooks, among others) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("Class" or "Class Members").

17. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

18. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

19. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All Class members were subject to Defendants' corporate practices of (i) failing to pay wages due to time-shaving, (ii) failing to provide wage statements per requirements of the New York Labor Law, and (iii) failing to properly provide wage notices to Class members, at date of hiring and annually, per requirements of the New York Labor Law.

Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures

20. Defendants' company-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

21. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

22. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great

expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

24. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a. Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law;

   b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

   c. At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

    d. Whether Defendants properly notified Plaintiff and the Class members of their hourly rates and overtime rates;

    e. Whether Defendants paid Plaintiff and Class members the proper wage for all hours worked;

    f. Whether Defendants provided proper wage statements informing Plaintiff and all non-exempt employees of information required to be provided on wage statements under the New York Labor Law; and

    g. Whether Defendants provided proper wage notice, at date of hiring and annually thereafter, to all non-exempt employees per requirements of the New York Labor Law.

## STATEMENT OF FACTS

*Wage and Hour Allegations*

25. Defendants own and operate two locations on the 4th floor of 10 Columbus Circle, New York, NY 10019: the restaurant Porter House New York, and an accompanying nearby lounge area denoted Center Bar.

26. Plaintiff was employed by Defendants as dishwasher from August 2, 2018 to the present.

27. At all times relevant herein, Plaintiff and others were paid at the applicable NYLL minimum wage, with a tip credit applied against the wages of tipped employees.

28. From the start of his employment with Defendants on or around August 2, 2018, Plaintiff has typically worked six (6) days a week, with a scheduled shift of 4:30 P.M. to close (usually 11:00 P.M. to 12:00 A.M.). Plaintiff and others similarly situated regularly worked forty (40) or more hours per week for Defendants.

29. Throughout his employment, Plaintiff and others similarly situated are required by Defendants to come in before their shift for a pre-work meal, and to clock in once their shift starts. In Plaintiff's case, he is supposed to come in at 4:00 P.M. for his meal and clock in at 4:30 P.M. when his shift starts.

30. However, on a daily basis Plaintiff is required to start working well before his scheduled shift begins. Furthermore, approximately twice a week, Plaintiff was required to work through his meal break and help the waiters set up and prepare the dining area for the dinner shift and was not given an opportunity to take his meal break. On such occasions, Plaintiff is not paid for the time he works prior to start of his scheduled shift at 4:30 P.M. As a result, Plaintiff was time-shaved approximately one (1) hour hours per week due to Defendants policy of having Plaintiff work through his meal break.

31. Based on Plaintiff's direct observations and conversations with co-workers, it is Defendants' policy not to pay their employees for time worked prior to the start of their scheduled shifts, even when Plaintiff and co-workers were required to help through their meal break. Thus, Plaintiff and others similarly situated each regularly work hours for Defendants for which they are not compensated at all, in violation of the NYLL.

32. Furthermore, as Plaintiff and others similarly situated regularly work at or over forty (40) hours per week, these time-shaved hours constitute overtime hours for which Plaintiff and others similarly situated are not properly compensated, in violation of the FLSA and NYLL.

33. Despite regularly working in excess of forty (40) hours per week, Plaintiff and others similarly situated were not paid properly for all of their overtime hours as required under the FLSA and NYLL.

34. Defendants failed to provide Plaintiff and the Class members with proper wage

notices at hiring and annually thereafter. Plaintiff did not receive proper wage notices either upon being hired or annually since the date of hiring in violation of the New York Labor Law.

35. Plaintiff and Class members received wage statements that were not in compliance with the New York Labor Law. Plaintiff and Class members received fraudulent wage statements that failed to accurately reflect the number of hours worked and their proper compensation.

36. Defendants knowingly and willfully operated their business with a policy of failing to pay Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked due to Defendants illegal time-shaving policies and off-the-clock policies.

37. Defendants knowingly and willfully operated their business with a policy of not providing employees proper wage statements as required under the New York Labor Law.

38. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and Class members at the beginning of employment and annually thereafter, in violation of the NYLL.

39. Furthermore, these violations are ongoing, as Defendants continue to engage in the wrongful conduct described herein.

40. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

### *Discrimination Allegations*

41. Plaintiff is clinically diagnosed as suffering from social anxiety disorder, also known as social phobia. It is characterized by extreme anxiety or fear in many social situations, and an intense, persistent fear of being watched, judged, humiliated, and/or rejected by others. Plaintiff has suffered from this illness throughout his adult life.

42. Although Plaintiff's mental condition does not interfere with his ability to perform his work, it does limit multiple major life activities, including almost all social interactions. Plaintiff also looks and behaves in a manner noticeably different from others as a result of his condition. He tends to be quieter and less social, speaks in a soft and halting manner, and walks in a distinctive hunched manner with his head down to avoid interaction with others.

43. Throughout his employment with Defendants, Plaintiff has been subject to regular, shocking harassment over his clinically-diagnosed social anxiety disorder, culminating in physical violence and threats of worse beatings. When Plaintiff complained to his supervisors, they laughed and told him to fight on his own time.

44. Shortly after beginning his employment with Defendants, some of the employees of the Restaurant (including chefs and management personnel) began to make fun of these differences. They made fun of him for being quiet and for his manner of walking, and said that he walked like an animal. Nearly every day Plaintiff was gifted with a new animal nickname – "caballo" (horse), "cangrejo" (crab), "sapo" (toad), "araño" (spider), and "pato" (duck) to name a few.

45. In Spanish, "pato" is both the word for "duck" and a vulgar slur for a homosexual. When Plaintiff was called "pato" by his co-workers, he understood that to mean that they were calling him homosexual because of his walking gait.

46. The harassment escalated over time. Kitchen workers would whisper to themselves as Plaintiff approached, and physically shove him or laugh in his face just to watch his reaction. In or around December 2019, one of Plaintiff's co-workers threatened to beat Plaintiff bad enough to send him to the hospital.

47. The anger, shame, grief, and fear that Plaintiff felt as a result of this treatment led

to him bursting into tears at work. After the first such incident, co-workers saw Plaintiff's red eyes and called him "crazy." Other co-workers asked him what kind of drugs he was using. The harassment drove Plaintiff to tears on several other occasions, which only led to further harassment.

48. Eventually Plaintiff was facing harassment in the form of verbal and physical abuse at work on a daily or near-daily basis. Every day Plaintiff would struggle with fear and anxiety at the thought of going to work and dealing with the harassment. Nearly every day he would come home and cry from the abuse he suffered. Facing such treatment on a daily basis seriously disrupted Plaintiff's work and altered his working conditions.

49. Plaintiff became extremely depressed and anxious as a result of the harassment he experienced. The stress and fear led to trouble sleeping, which exacerbated his mental condition. Over time Plaintiff began to feel suicidal, and repeatedly felt like killing himself rather than continue to face harassment at the Restaurant.

50. Plaintiff complained about the harassment he faced to his managers and supervisors (including Individual Defendant MICHAEL LOMONACO) on several occasions, but nothing was ever done about it. After a co-worker threatened to put Plaintiff in the hospital, his manager laughed and told him to fight outside of work hours.

## STATEMENT OF CLAIM

### COUNT I

### FLSA Collective Action against all Defendants

51. Plaintiff realleges and reavers Paragraphs 1 through 50 of this Complaint as if fully set forth herein.

52. At all relevant times Plaintiff and the other FLSA Collective Plaintiffs were

employees of Defendant COLUMBUS RESTAURANT FUND IV, LLC d/b/a, PORTER HOUSE NEW YORK within the meaning of the FLSA, and were persons covered by and intended to benefit from the provisions of the FLSA.

53. At all relevant times Defendant COLUMBUS RESTAURANT FUND IV, LLC d/b/a, PORTER HOUSE NEW YORK was an employer within the meaning of the FLSA.

54. At all relevant times Defendant COLUMBUS RESTAURANT FUND IV, LLC d/b/a, PORTER HOUSE NEW YORK and Defendant MICHAEL LOMONACO were joint employers of Plaintiff and the other FLSA Collective Plaintiffs.

55. At all relevant times, Defendant COLUMBUS RESTAURANT FUND IV, LLC d/b/a, PORTER HOUSE NEW YORK had gross annual revenues in excess of $500,000.00.

56. At all relevant times, the Defendants engaged in a policy and practice of refusing to compensate Plaintiff and FLSA Collective Plaintiffs for all hours that they worked each week due to a policy of time-shaving.

57. Plaintiff is in possession of certain records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

58. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

59. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant

to the FLSA.

60. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages due to time-shaving, and an equal amount as liquidated damages.

61. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### NYLL Class Action against all Defendants

62. Plaintiff realleges and reavers Paragraphs 1 through 61 of this Complaint as if fully set forth herein.

63. At all relevant times Plaintiff and the other Class members were employees of COLUMBUS RESTAURANT FUND IV, LLC d/b/a, PORTER HOUSE NEW YORK within the meaning of the NYLL, and were persons covered by and intended to benefit from the provisions of the NYLL.

64. At all relevant times Defendant COLUMBUS RESTAURANT FUND IV, LLC d/b/a, PORTER HOUSE NEW YORK was an employer within the meaning of the NYLL.

65. At all relevant times Defendant COLUMBUS RESTAURANT FUND IV, LLC d/b/a, PORTER HOUSE NEW YORK and Defendant MICHAEL LOMONACO were joint employers of Plaintiff and the other Class members.

66. As alleged herein, Plaintiff and the other Class members regularly worked hours (including overtime hours) for Defendants for which they were not properly paid, in violation of the NYLL.

67. Defendants also failed to provide Plaintiff and other Class members with accurate

wage notices and wage statements, in violation of the NYLL.

68. Defendants knew of and/or showed a willful disregard for the provisions of the NYLL as evidenced by their failure to pay the Class members for all of the regular and overtime hours they worked, when Defendants knew or should have known such was due.

69. As a direct and proximate result of Defendants' willful disregard of the NYLL, Plaintiff and the other Class members suffered damages in the form of unpaid regular and overtime wages due to Defendants policy of time-shaving. Plaintiff and the other Class members seek judgment in an amount to be determined at trial for these damages as well as an award of statutory penalties, liquidated damages, interest, attorney's fees, and costs, as provided for under the NYLL.

## COUNT III

### NYSHRL Discrimination against all Defendants

70. Plaintiff realleges and reavers Paragraphs 1 through 69 of this Complaint as if fully set forth herein.

71. At all relevant times, Plaintiff was an employee within the meaning of the the New York State Human Rights Law ("NYSHRL").

72. At all relevant times, Defendants were and continues to be an employer within the meaning of the NYSHRL.

73. At all relevant times, Defendants had at least four persons in its employ, and therefore Defendants and its agents and employees were and are required to comply with the NYSHRL.

74. At all relevant times, Plaintiff had a nontransitory mental impairment that substantially limited one or more major life activities, and/or was regarded as having such an impairment, and as such had a "disability" within the meaning of the NYSHRL.

75. Section 296(1)(a) of the NYSHRL prohibits employers from discriminating against an employee because of disability "in terms, conditions or privileges of employment."

76. Section 296(6) of the NYSHRL provides that it is "an unlawful discriminatory practice for any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this chapter, or to attempt to do so."

77. As alleged herein, Defendants violated the NYSHRL by discriminating against the terms, conditions, and privileges of Plaintiff's employment through the creation and maintenance of a hostile work environment.

78. This hostile work environment was created and fostered through pervasive and regular harassment in the form of comments and behavior directed towards Plaintiff.

79. The hostile work environment was sufficiently severe and pervasive to unreasonably interfere with Plaintiff's employment and/or create an intimidating, hostile, and offensive work environment for Plaintiff.

80. Defendant was on notice of the conduct constituting the hostile work environment and took no action to resolve it. Specifically, Plaintiff complained to his supervisors and managers on several occasions about the abuse he was subject to, but management took no steps to stop it. Indeed, the chefs and supervisors at the Restaurant happily participated in the conduct. Defendants' failure to address the hostile work environment constituted a violation of Section 296(1)(a) of the NYSHRL.

81. Individual Defendant MICHAEL LOMONACO was involved in the promotion, demotion, hiring, and firing of Plaintiff and other employees, and was aware of Plaintiff's complaints and took no action upon them, in violation of Section 296(6) of the NYSHRL.

82. Defendants' conduct was intentional, malicious and in reckless disregard of

Plaintiff's protected rights under the New York Executive Law § 296.

83. As a result of Defendants' discrimination against the Plaintiff, Plaintiff sustained injuries, including economic damages, past and future emotional distress and the costs of bringing this action.

84. Due to Defendants' violation under the NYSHRL, based on discrimination on the basis of disability, Plaintiff is entitled to recover from Defendants: (1) an injunction ordering Defendants to cease its discriminatory practices as described herein, (2) back pay, (3) front pay, (4) compensatory damages, (5) punitive damages, and (6) attorneys fees and costs.

## COUNT IV

## NYCHRL Discrimination against all Defendants

85. Plaintiff realleges and reavers Paragraphs 1 through 84 of this Complaint as if fully set forth herein.

86. At all relevant times, Plaintiff was an employee within the meaning of the New York City Human Rights Law ("NYCHRL").

87. Defendants have and have had at all relevant times herein, at least four (4) persons in their employ and are therefore covered employers under the NYCHRL.

88. At all relevant times, Plaintiff had a mental or psychological impairment, and as such had a "disability" within the meaning of the NYCHRL.

89. Section 8-107(1)(a)(3) of the NYCHRL prohibits employers from discriminating against an employee because of an actual or perceived disability "in terms, conditions or privileges of employment."

90. Section 8-107(6) of the NYCHRL provides that it is "an unlawful discriminatory practice for any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this chapter, or to attempt to do so."

91. As alleged herein, Defendants violated the NYCHRL by discriminating against the terms, conditions, and privileges of Plaintiff's employment through the creation and maintenance of a hostile work environment.

92. This hostile work environment was created and fostered through pervasive and regular harassment in the form of comments and behavior directed towards Plaintiff.

93. The hostile work environment was sufficiently severe and pervasive to unreasonably interfere with Plaintiff's employment and/or create an intimidating, hostile, and offensive work environment for Plaintiff.

94. Defendants were on notice of the conduct constituting the hostile work environment and took no action to resolve it. Specifically, Plaintiff complained to his supervisors and managers on several occasions about the abuse he was subject to, but management took no steps to stop it. Indeed, the chefs and supervisors at the Restaurant happily participated in the conduct. Defendants' failure to address the hostile work environment constituted a violation of Section 8-107(1)(a)(3) of the NYCHRL.

95. Individual Defendant MICHAEL LOMONACO was involved in the promotion, demotion, hiring, and firing of Plaintiff and other employees, and was aware of Plaintiff's complaints and took no action upon them, in violation of Section 8-107(6) of the NYCHRL.

96. The discrimination described herein occurred with malice and reckless disregard of Plaintiff's rights.

97. As a result of Defendants' unlawful practices, Plaintiff sustained injury, including economic damages, past and future physical and emotional distress and the costs of bringing this action.

98. Due to Defendants' violations under the NYCHRL, as amended, based on

discrimination on the basis of disability, Plaintiff is entitled to recover from Defendants: (1) an injunction ordering Defendants to cease its discriminatory practices as described herein, (2) back pay, (3) front pay, (4) compensatory damages, (5) punitive damages, and (6) attorneys fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court assume jurisdiction herein and thereafter grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL, the NYSHRL, and the NYCHRL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid compensation due under the FLSA and NYLL due to Defendants' policy of time-shaving;

d. An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay compensation for all hours of work, pursuant to 29 U.S.C. § 216;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay compensation for all hours of work, pursuant to the NYLL;

g. An award of back pay and compensatory damages due under the NYSHRL and the NYCHRL;

h. An award of punitive damages due under the NYSHRL and NYCHRL;

    i. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

    j. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

    k. Designation of this action as a class action pursuant to F.R.C.P. 23;

    l. Designation of Plaintiff as Representative of Class; and

    m. Such other and further relief as this Court deems just and proper

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: September 29, 2020
       New York, New York

                                            LEE LITIGATION GROUP, PLLC

By:     */s/ C.K. Lee*
       C.K. Lee, Esq. (CL 4086)
       Anne Seelig, Esq. (AS 3976)
       148 West 24th Street, 8th Floor
       New York, NY 10011
       (212) 465-1180
       *Attorneys for Plaintiff, FLSA Collective Plaintiff, and the Class*