```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
NOE GALVEZ RAMIREZ,                                         :
                                                            :
                             Plaintiff,                     :
                                                            :       20-CV-8053 (VSB)
                     -v-                                    :
                                                            :            ORDER
                                                            :
COLUMBUS RESTAURANT FUND IV, LLC,                           :
et al.,                                                     :
                                                            :
                             Defendants.                    :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

      The parties have advised me that they have reached a settlement agreement in this Fair Labor Standards Act ("FLSA") case. (Doc. 19.) Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). Because I find that the settlement agreement contains an overbroad release and an impermissible non-solicitation provision that render the agreement not fair and reasonable, the parties' request that I approve their settlement agreement is DENIED.

      **I.**    **Legal Standard**

      To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the [plaintiff's] range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the

1

seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (internal quotation marks omitted). A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)). An award of costs "normally include[s] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987) (internal quotation marks omitted).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

**II.     Discussion**

Pursuant to my Order of February 5, 2021, (Doc. 18), the parties have submitted a letter detailing why they believe the settlement reached in this action, and the contemplated attorneys' fees, are fair and reasonable, (Doc. 19). I have independently reviewed the settlement agreement and the supporting evidence in order to determine whether the terms of the settlement agreement are

fair, reasonable, and adequate. I believe that they are not, and therefore do not approve the parties' settlement agreement.

### A.     *Settlement Amount*

I first consider the settlement amount. The agreement provides for the distribution to Plaintiff of $5,000, including $2,000 in attorneys' fees and expenses. (Doc. 19, at 2.) Plaintiff only asserts that he is entitled to $1,863. (*Id.*; *see also* Doc. 19-2.) Therefore, Plaintiff would recover more than 100% of his back wages under this settlement. Nevertheless, Defendants argue the settlement is fair because "it will enable the parties to avoid further anticipated burdens and expenses, including attorneys' fees, which would be significant if the case were to go to trial." (Doc. 19, at 2.) The parties engaged in arm's length negotiation at mediation through the Southern District of New York's Mediation program. (*See* Doc. 13.) Finally, there is no basis for me to believe that there was any fraud or collusion involved in the settlement. Therefore, based on the representations of the parties and my own analysis of the totality of the circumstances present here, I find that the settlement amount appears to be a fair and reasonable resolution of this dispute.

### B.     *Release Provision*

I turn next to the release provision of the settlement agreement. The settlement agreement contains an overbroad "Release." (Doc. 19-1, at ¶ 2.) "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting

*Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)). For this reason, "[a] number of judges in this District refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'" *Cionca v. Interactive Realty, LLC*, No. 15-CV-5123 (BCM), 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (quoting *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015)).

Here, the settlement agreement provides that, "**to the maximum extent permitted by law**" (emphasis in original), Plaintiff releases Defendants:

> from all or any manner of actions, causes, charges, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including but not limited to attorneys' fees and costs), executions, claims, and demands of any kind whatsoever, at law or in equity, known or unknown, suspected or unsuspected, which were or could have been alleged pursuant to both the FLSA and NYLL that Plaintiff ever had, now has, or which Plaintiff may in the future have.

(Doc. 19-1, at ¶ 2(a).) The release also provides that "Plaintiff acknowledges and agrees that he has not suffered any workplace injury that has not already been reported to and/or addressed by Defendants." (*Id.* at ¶ 2(d).) However, neither workplace injuries nor workers' compensation were at issue in the suit. (*Cf.* Doc. 1.)

The caveat that Plaintiff releases Defendants "to the maximum extent permitted by law" does not save the settlement agreement; indeed, it suggests that the parties know that the settlement agreement as written is not permitted under the law. Although Paragraph 2(a) is "limited to causes of action under the FLSA, it is not expressly limited to the conduct underlying the claims in this case." *Zekanovic v. Augies Prime Cut of Westchester, Inc.*, No. 19-CV-8216 (KMK), 2020 WL 5894603, at *4 (S.D.N.Y. Oct. 5, 2020). "Although a release 'may include claims not presented and even those which could not have been presented,' it must still be limited to 'conduct [that] arises out of the identical factual predicate as the settled conduct.'" *Id.* (quoting *Nights of Cabiria*, 96 F. Supp. at 181). As just one example, unreported workplace injuries do not "arise[] out of the

4

identical factual predicate as the settled conduct." (*Id.*; *cf.* Doc. 19-1, at ¶ 2(d).) Further, the release would require Plaintiff to release all FLSA and NYLL claims "that Plaintiff ever had, now has, or which Plaintiff may in the future have." (Doc. 19-1, at ¶ 2(a).) A provision that "requires Plaintiffs to waive virtually any claim . . . in existence now or in the future, against Defendants" is "plainly overbroad." *Larrea v. FPC Coffees Realty Co.*, No. 15-CIV-1515 (RA), 2017 WL 1857246, at *3 (S.D.N.Y. May 5, 2017) (rejecting a proposed release provision that applied to any claims "Plaintiffs ever had, now ha[ve], or which Plaintiffs hereafter can, shall or may have"). For the foregoing reasons, the release contained in paragraph 2 is impermissible.

### C.    *Non-solicitation Provision*

Additionally, "courts routinely reject provisions that bar a FLSA plaintiff from cooperating with other claimants." *Rose v. Solar Realty Mgmt. Corp.*, No. 16 CIV. 9766 (LGS), 2017 WL 11569030, at *1 (S.D.N.Y. Mar. 31, 2017) (citing *Zapata v. Bedoya*, No. 14 Civ. 4114, 2016 WL 4991594, at *2 (E.D.N.Y. Sept. 13, 2016) (calling a "non-solicitation provision [that] prohibits Plaintiffs from, among other things, encouraging, facilitating, provoking, or otherwise supporting any claims against Defendants" "contrary to the remedial aims of the FLSA"); *Alvarez v. Michael Anthony George Const. Corp.*, No. 11 Civ. 1012, 2015 WL 3646663, at *1 (E.D.N.Y. June 10, 2015) ("The Court cannot approve a provision which prohibits plaintiffs from cooperating with any other claimant or giving testimony or evidence against the defendants.").

The settlement agreement includes a non-solicitation provision that requires Plaintiff to agree not to "initiate, encourage, assist, or participate in any Proceeding, including but not limited to providing any information to a person bringing a Proceeding against Releasees," except as required by law. (Doc. 19-1, at ¶ 2(f).) This provision is impermissibly chilling. "[C]ourts routinely decline to approve settlement agreements in FLSA actions that contain provisions that serve to prevent the spread of information about FLSA actions to other workers who could then use that information to

vindicate their own statutory rights." *Zapata*, 2016 WL 4991594, at *2 (internal quotation marks omitted). Therefore, I cannot approve the settlement agreement with this provision.

### D.   *Attorneys' Fees*

Finally, I consider the attorneys' fees contemplated in the settlement agreement. The attorneys' fees sought are $2,000, including $500 in costs. (Doc. 19, at 3.) Altogether, the attorneys' fees represent exactly 40% of the total $5,000 settlement amount. As an initial matter, courts regularly approve attorneys' fees of one-third of the settlement amount in FLSA cases. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105 (RA), 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) ("When using a 'percentage of the fund' approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'" (quoting *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015))). While Plaintiff's counsel has only submitted records reflecting 20.5 hours spent reviewing discovery and preparing for and attending the mediation, (*see* Doc. 19-3), Plaintiff's counsel must have also spent some time investigating Plaintiff's claims and drafting the Complaint. Moreover, because courts in this District typically approve hourly rates of approximately $175 to $450 for attorneys working on FLSA litigation, the award represents appropriate compensation for the hours put into this case.[1] *See, e.g.*, *Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. Richie Jordan Constr. Inc.*, No. 15-CV-3811, 2015 WL 7288654, at *5 (S.D.N.Y. Nov. 17, 2015) (awarding fees to Plaintiff's counsel of $175/hour of junior associate time); *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 507-08 (S.D.N.Y. 2012) (awarding fees to Plaintiffs' counsel's firm at rates of $175/hour for associate work and $350/hour for partner work); *Ochoa v. Prince Deli Grocery*

---

[1] Plaintiff's counsel represents that the hourly rate for the third-year associate who worked on this case is $450/hour. (Doc. 19-3.) However, $450/hour is actually the "prevailing maximum rate in the Southern District," *Ochoa*, 2021 WL 5235222, at *2, which is more appropriately awarded to an experienced partner than a mid-level associate. Nevertheless, even if I apply the low end of the hourly rate range, Plaintiff's counsel would be compensated for a relatively small amount of work—approximately 11.5 hours—despite spending at least 18.5 hours of attorney time and 2 hours of paralegal time. (Doc. 19-3.)

*Corp.*, No. 18 CIV. 9417 (ER), 2021 WL 5235222, at *2 (S.D.N.Y. Nov. 8, 2021) (calling $450/hour the "prevailing maximum rate in the Southern District"). Indeed, Plaintiff's counsel claims that the lodestar is $8,875, (*see* Doc. 19-3), which means the requested $2,000 award is only a fraction of the lodestar. Based on this analysis, I find the attorneys' fees contemplated in the settlement agreement to be fair and reasonable.

### III.    Conclusion

For the reasons stated above, I find that the overbroad release and impermissible non-solicitation provision in the proposed settlement agreement render the agreement not fair and reasonable. Accordingly, the parties' request that I approve the proposed settlement agreement is DENIED without prejudice. The parties may proceed by either:

1. Filing a revised proposed settlement agreement within twenty-one (21) days of the date of this Order that cures the deficiencies discussed above and any other terms that are not appropriate under the FLSA; or

2. Filing a joint letter within twenty-one (21) days of the date of this Order that indicates the parties' intention to abandon settlement, at which point I will set a date for a status conference.

SO ORDERED.

Dated:    January 10, 2022
          New York, New York

_____
Vernon S. Broderick
United States District Judge