# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into as of the last date in the signature blocks (the "Effective Date") between Noe Galvez Ramirez ("Plaintiff") on the one hand and Columbus Restaurant Fund IV, LLC d/b/a Porter House New York ("Porter House"), and Michael Lomonaco ("Lomonaco") (collectively "Defendants") on the other hand. Plaintiff and Defendants are collectively referred to as the "Parties" and individually as a "Party".

## W I T N E S S E T H

**WHEREAS,** on or about September 29, 2020, Plaintiff filed with the United States District Court for the Southern District of New York ("SDNY") a Complaint, Case No. 1:20-cv-08053 ("Complaint"), alleging certain violations of the Fair Labor Standards Act, the New York State Labor Law, the New York State Human Rights Law, and the New York City Human Rights Law by Defendants as against Plaintiff (hereinafter, the "Action"); and

**WHEREAS,** Defendants have defended and intend to contest vigorously each and every claim in the Action and deny all material allegations of the Action, as to which, if required to answer, Defendants intend to allege numerous defenses which they contend are meritorious. Defendants, without admitting any wrongdoing or liability on their behalf, nevertheless have agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to be completely free of any further controversy with respect to the claims that were asserted or could have been asserted in, or relate in any way whatsoever to, the Action; and

**WHEREAS,** the Parties have agreed to resolve this matter solely to avoid the costs and uncertainty of further litigation; and

**WHEREAS,** the Parties acknowledge that *bona fide* disputes and controversies exist between them, both as to liability and the amount thereof, if any, and by reason of such disputes and controversies they desire to compromise and have agreed to resolve amicably and settle fully, finally, all of their past, present, and any future claims, disputes, and potential disputes that existed or may exist, including but not limited to those relating to the subject matter of the disputes, and those arising out of or related to Plaintiff's allegations contained in the Complaint, pursuant to the terms and conditions of this Agreement.

**NOW, THEREFORE,** in consideration of the mutual covenants and agreements set forth herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

(The foregoing "Whereas" clauses are true and correct and incorporated by reference as part of this Agreement.)

1.    **Settlement Amount**

    a.    Porter House agrees to pay Plaintiff a total sum of Five Thousand Dollars and Zero Cents ($5,000.00) ("Settlement Amount"), inclusive of costs and attorneys' fees. Such payment shall be apportioned and paid as follows:

        (i)    One check made payable to "Noe Galvez Ramirez" in the gross amount of Three Thousand Dollars and Zero Cents ($3,000.00), which shall represent payment for alleged overtime wages and thus is subject to applicable tax deductions and withholdings, and for which an IRS Form W-2 shall be issued;

        (ii)    One check made payable to "Lee Litigation Group PLLC" for attorneys' fees and costs in the amount of Two Thousand Dollars and Zero Cents ($2,000.00), for which a Form 1099 shall be issued both to Ramirez and to Ramirez's counsel. All Parties shall bear their own costs and fees, except as otherwise provided herein.

    b.    The checks described in Paragraph 1(a) shall be delivered to Defendants' attorneys within fifteen (15) days of Defendants' attorneys' receipt of a copy of this Agreement executed by Plaintiff. Defendants' attorneys shall deposit such checks in escrow until the Court issues an order approving this Agreement ("Order"). Upon electronic notification of the Order, Defendants' attorneys shall cause such checks to be dispatched to Plaintiff's attorneys within 5 (five) days of the last of the following events to occur: (a) this Agreement and the Stipulation of Dismissal with Prejudice attached hereto ("Stipulation") are fully executed by the Parties; (b) the Court approves this Agreement and the settlement terms as stated herein; and (c) the Stipulation is So-Ordered by the Court. All checks shall be delivered to Plaintiff pursuant to Paragraph 13 herein.

    c.    It is the intent and desire of Plaintiff that the portion of the Settlement Amount pursuant to Paragraph 1(a) of this Agreement will be allocated as W-2 wage payments to compensate Plaintiff for alleged unpaid overtime wages and shall be subject to all applicable federal, state, and local tax withholdings. Porter House shall issue an IRS Form W-2 to Plaintiff with respect to this payment of the Settlement Amount.

    d.    The Parties acknowledge and agree that the Settlement Amount is being paid in satisfaction of all claims that were or could have been asserted by Plaintiff under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), and to any and all attorneys' fees, costs, expenses, liquidated damages, interest, and administrative costs. Plaintiff agrees that he has no future entitlement to any compensation, wages, tips, gratuities, overtime, salary, bonus, commissions, payouts, severance pay, vacation pay or benefits, damages, attorneys' fees, or costs other than have been asserted herein and that Plaintiff shall not bring or participate in any subsequent action to the contrary. The Parties further acknowledge and agree

2

that the Settlement Amount and the obligations set forth in Paragraph 1 of this Agreement shall constitute full and final settlement of all past, present, and future wage and hour claims and causes of action by Plaintiff against Defendants, and all such claims and causes of action will be forever settled in their entireties.

2.    **Release**

a.    As a material inducement to Defendants to enter into this Agreement, and in consideration of the Settlement Amount and other consideration, the receipt and value of which is hereby agreed to and acknowledged, Plaintiff, on behalf of himself, his heirs, successors, representatives, assigns, attorneys, agents, executors, trustees, and administrators ("Releasors"), hereby irrevocably and unconditionally releases, acquits, and forever discharges, **to the maximum extent permitted by law**, Defendants and their present, past, and future owners, affiliates, related business entities, parent companies, subsidiaries, predecessors, successors, assigns, divisions, directors, officers, trustees, members, employees, stockholders, representatives, insurers, reinsurers, business managers, accountants, attorneys, in their individual and representative capacities, and all persons acting by, through, under, or in concert with any of these (hereinafter collectively referred to as "Releasees"), of and from all FLSA and NYLL wage and hour claims that were asserted or could have been asserted by Plaintiff against Releasees in the Action.

b.    Notwithstanding anything else set forth herein, nothing herein shall be deemed a waiver of: (i) claims for breach of this Agreement; (ii) claims that may arise based upon events occurring after the Effective Date; or (iii) claims that cannot be waived as a matter of law.

c.    Plaintiff acknowledges that he may discover facts or law different from or in addition to the facts or law he knows or believes to exist with respect to a released claim. He agrees, nonetheless, that this Agreement and the releases contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

d.    If any legal action or proceeding, whether individual or class action, is instituted in court or a federal, state, or local administrative agency (collectively referred to herein as "Proceeding"), Plaintiff waives all relief available to him (including, without limitation, monetary damages, equitable relief, and reinstatement) under any of the claims and/or causes of action waived in Paragraph 2 of this Agreement. Therefore, Plaintiff agrees that he will not accept any award or settlement from any source or Proceeding (including but not limited to any Proceeding brought by any other person or by any government agency) with respect to any claim or right waived in this Agreement. If any such Proceeding is currently in process, Plaintiff agrees that he will, to the extent of his ability, seek to have it discontinued and/or dismissed with prejudice.

3

3.    **No Admissions** Plaintiff acknowledges and agrees that Defendants have entered into this Agreement solely for the purpose of avoiding the burdens and expense of protracted litigation. Further, neither this Agreement nor the furnishing of consideration for the release intended shall be construed as an admission that Defendants or any Releasee has violated any federal, state, or local law (statutory or decisional), ordinance, or regulation, or that Defendants or any Releasee have committed any wrong against Plaintiff. This Agreement shall not be construed as an admission by Plaintiff that Plaintiff's claims lack merit.

4.    **Representations and Acknowledgements** Plaintiff hereby represents and agrees that he: has been advised by Defendants of his rights to discuss all aspects of this Agreement with an attorney, financial advisor, and/or representative of his choice; has so consulted with an individual/entity of his choice (namely, CK Lee, Esq. and/or Lee Litigation Group, PLLC); has carefully read all of the provisions of this Agreement; has had the opportunity to have the individual/entity he consulted answer any questions he might have had; fully understands all of the provisions of this Agreement; has had a reasonable period of time to consider whether to enter into this Agreement; and is voluntarily and knowingly entering into this Agreement.

5.    **Entire Agreement** This Agreement represents the complete and full settlement of any and all overtime claims of Plaintiff against Defendants or any Releasee and fully supersedes any and all prior agreements or understandings among the Parties hereto pertaining to the subject matter hereof. Plaintiff represents and acknowledges that in executing this Agreement, he does not rely upon any representation or statement made by Defendants with regard to the subject matter, basis, or effect of this Agreement other than those contained herein. This Agreement may not be changed in any respect, except by a writing, duly executed by the Parties or authorized representatives of the Parties.

6.    **Capability to Waive Claim** Plaintiff is competent to affect a knowing and voluntary release and waiver of all claims as are contained herein and to enter into this Agreement and is not affected or impaired by use of alcohol, drugs, or other substances or otherwise impaired. Plaintiff is not a party to any bankruptcy, lien, creditor-debtor, or other proceeding that could impair the right to settle all claims against Defendants or to waive all wage and hour claims that Plaintiff may have against Defendants.

7.    **No Waiver** Failure to insist on compliance with any term, covenant, or condition contained in this Agreement shall not be deemed a waiver of that term, covenant, or condition, nor shall any waiver or relinquishment of any right or power at any other time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

8.    **Severability** The provisions of this Agreement shall be deemed separate and severable.   Should any provision or portion of the Agreement be held invalid or unenforceable, the affected provision shall be modified to the extent necessary to make it legal, valid, and enforceable. If it cannot be so modified, it shall be severed from the Agreement, and the remainder of this Agreement shall remain unaffected and continue in

4

full force and effect, which then shall be interpreted to bar any and all claims Plaintiff may have against Defendants or any Releasee.

**9.      Jointly Drafted Agreement** This Agreement shall be deemed to have been jointly drafted by the Parties, and no provision herein shall be interpreted or construed for or against any Party because such party drafted or requested such provision or this Agreement as a whole.

**10.     Applicable Law, Jurisdiction, and Venue** The interpretation and application of the terms of this Agreement shall be governed by the laws of the State of New York, excluding its conflicts of law provisions that would result in the application of the laws of any jurisdiction other than New York. To the extent permitted, the Parties agree that the SDNY, sitting in New York, New York, shall retain jurisdiction over this matter, including any purported disputes arising from enforcement of this Agreement and/or any purported breaches thereof. The Parties submit to and recognize the jurisdiction and proper venue of the courts of the State of New York, County of New York, or the United States District Court for the Southern District of New York, sitting in New York, New York, over any action or other proceeding arising out of or in connection with this Agreement, or over the terms of any continuing obligation to Releasees, and to the extent permitted by applicable law, the Parties waive and agree not to assert, by way of motion, as a defense, or otherwise, that the suit, action, or proceeding is brought in an inconvenient forum, that the venue of the suit, action, or proceeding is improper, or that this Agreement may not be enforced in or by such courts.

**11.     No Assignment of Claims** Plaintiff represents and warrants that he has not assigned or hypothecated any claims herein released in any manner to any person or entity, in any manner, directly or indirectly. Plaintiff is not aware of any liens and/or pending legal claims applicable to the payment of the Settlement Amount. Plaintiff also agrees that he will be solely responsible to satisfy any liens or pending legal claims asserted against Plaintiff or Releasees as against the payment of the Settlement Amount.

**12.     Counterpart Signatures** This Agreement may be signed in counterparts, provided that each Party receives a copy fully signed by the other Parties. Electronic signatures such as fax or .pdf or .tiff files shall be given the same force and weight as if they were original signatures.

**13.     Notice** Any notice or other communication required or permitted to be given hereunder shall be in writing and shall be mailed by certified mail, return receipt requested, or by the most nearly comparable method of mailing from or to a location outside the United States, or by Federal Express, Express Mail, or similar overnight delivery or courier service or delivered in person to the Party to whom it is to be given at the address of such Party as set forth in this Section (or to such other address as the Party shall have furnished in writing in accordance with this Section):

Noe Galvez Ramirez
c/o Lee Litigation Group, PLLC
148 West 24th Street, 8th Fl
New York, NY 10011
Attn: CK Lee, Esq.


Alex Kurland and/or Michael Lomonaco
Columbus Restaurant Fund IV, LLC d/b/a Porter House New York
10 Columbus Circle, 4th Fl
New York, NY 10019
Attn: Alex Kurland


**PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT; THAT THIS AGREEMENT HAS BEEN FULLY EXPLAINED TO HIM BY COUNSEL OF HIS CHOICE, NAMELY CK LEE, ESQ. AND/OR LEE LITIGATION GROUP, PLLC; THAT HE FULLY UNDERSTANDS THE FINAL AND BINDING EFFECT OF THIS AGREEMENT; THAT THE ONLY PROMISES MADE TO HIM IN EXCHANGE FOR SIGNING THIS AGREEMENT ARE THOSE STATED ABOVE; AND, THAT HE IS SIGNING THIS AGREEMENT VOLUNTARILY IN ORDER TO FINALLY, COMPLETELY AND CONCLUSIVELY SETTLE ALL WAGE AND HOUR MATTERS THAT WERE OR COULD HAVE BEEN RAISED IN PLAINTIFF'S COMPLAINT. PLAINTIFF AGREES TO WAIVE AND RELEASE ANY CLAIM THAT THIS AGREEMENT WAS PROCURED BY OR THAT HEWAS INDUCED TO ENTER INTO THIS AGREEMENT BY FRAUD, DURESS, MISUNDERSTANDING, OR COERCION AND FURTHER WAIVE AND RELEASE ANY CLAIM FOR FRAUD IN THE INDUCEMENT OR ANY SIMILAR CLAIM.**

* * * * * * *

**IN WITNESS WHEREOF,** the Parties hereto have read the foregoing Settlement Agreement and accept and agree to the provisions contained herein and have caused this Agreement to be executed by their respective duly authorized representatives, as of the dates below.

**NOE GALVEZ RAMIREZ**

By: _____        Dated: _____1|27|22_____
    Noe Galvez Ramirez

**COLUMBUS RESTAURANT FUND IV, LLC D/B/A PORTER HOUSE NEW YORK**

By: _____        Dated: ___Jan 27, 2022___

Name: ~~Alex Kurland;~~ Michael Lomonaco        Title: Manager ~~General Manager~~

**MICHAEL LOMONACO**

By: _____        Dated: ___Jan. 27 2022___
    Michael Lomonaco

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

*NOE GALVEZ RAMIREZ, and on behalf of himself, FLSA Collective Plaintiffs and Class Members,*

                                        Plaintiff,

                    -against-

COLUMBUS RESTAURANT FUND, IV, LLC
d/b/a PORTER HOUSE NEW YORK, and
MICHAEL LOMONACO,

                                        Defendants.

_____x

Case No. 1:20-cv-08053

**STIPULATION OF DISMISSAL
WITH PREJUDICE**

        IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff, Noe Galvez Ramirez, and Defendants, Columbus Restaurant Fund, IV, LLC d/b/a Porter House New York, and Michael Lomonaco, through their undersigned counsel who are authorized to execute this Stipulation, that the above-captioned action is dismissed in its entirety with prejudice, with each party to bear its own costs and no award of attorneys' fees, costs, and/or disbursements to any party, except as may be provided for in the settlement agreement.  This Court shall retain jurisdiction to enforce the terms of the Agreement.

Dated:        New York, New York
              ~~February~~ March 5, 2021

LEE LITIGATION GROUP, PLLC

By: _____
        CK Lee
        148 West 24th Street, 8th Fl
        New York, NY 10011
        Tel: (212) 465-1180
        cklee@leelitigation.com
        *Attorneys for Plaintiff*

GORDON REES SCULLY
MANSUKHANI, LLP

By: _____
        Mark A. Beckman
        1 Battery Park Plaza, 28th Fl
        New York, New York 10004
        Tel: (212) 269-5500
        mbeckman@grsm.com
        *Attorneys for Defendants*

SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

8