UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
          :
NOE GALVEZ RAMIREZ,          :
          :
          Plaintiff,    :
          :      20-CV-8053 (VSB)
    -v-      :
          :      <u>ORDER</u>
          :
COLUMBUS RESTAURANT FUND IV,  :
LLC, et al.,          :
          :
          Defendants. :
          X
------------------------------------------------------------

<u>VERNON S. BRODERICK</u>, United States District Judge:

       The parties have advised me that they have reached a settlement agreement in this Fair Labor Standards Act ("FLSA") case. (Doc. 23.) Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). Because I find that the terms of the revised proposed settlement agreement are reasonable, the parties' request that I approve their agreement is GRANTED.

       Pursuant to my Order of February 5, 2021, (Doc. 18), the parties submitted a letter detailing why they believed the settlement reached in this action, and the contemplated attorneys' fees, were fair and reasonable, (Doc. 19). On January 10, 2022, I issued an order finding that an overbroad release and an impermissible non-solicitation provision in the proposed settlement agreement rendered the agreement not fair and reasonable. (Doc. 22 (citing Doc. 19-1, at ¶ 2).) I incorporate the findings of that order by reference, including my findings that the settlement amount of $5,000

1

and the attorneys' fees of $2,000 are fair and reasonable.  (*See generally* Doc. 22.)

In the order, I advised that the parties could either file "a revised proposed settlement agreement" or "a joint letter . . . that indicates the parties' intention to abandon settlement."  (*Id.* at 7.)  On January 31, 2022, the parties filed a revised proposed settlement agreement.  (Doc. 23-1; *see also* Doc. 23-2 (copy of the revised settlement agreement in blackline).)  I have independently reviewed the settlement agreement and the supporting evidence in order to determine whether the terms of the settlement agreement are fair, reasonable, and adequate.  I believe that they are, and therefore approve the settlement agreement of the parties.

The revised release provision is limited to "FLSA and NYLL wage and hour claims that were asserted or could have been asserted by Plaintiff against Releasees in the Action."  (Doc. 23-2, at ¶ 2(a).)  The parties also removed a provision that "Plaintiff acknowledges and agrees that he has not suffered any workplace injury that has not already been reported to and/or addressed by Defendants."  (*Id.* at ¶ 2(d).)  "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'"  *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)).  Unlike the original release provision, (*see* Doc. 19-1, at ¶ 2(a)), I find that the revised release provision is appropriately tailored to the claims at issue in this action.

Additionally, the parties removed the non-solicitation provision that required Plaintiff agree not to "initiate, encourage, assist, or participate in any Proceeding, including but not limited to providing any information to a person bringing a Proceeding against Releasees," except as required by law.  (Doc. 23-2, at ¶ 2(f).)  "[C]ourts routinely reject provisions that bar a FLSA plaintiff from cooperating with other claimants."  *Rose v. Solar Realty Mgmt. Corp.*, No. 16 CIV. 9766 (LGS),

2017 WL 11569030, at *1 (S.D.N.Y. Mar. 31, 2017).  I told the parties that I could not approve the settlement agreement with the non-solicitation provision, (Doc. 22, at 6), so the parties deleted it.

The settlement agreement of the parties is hereby APPROVED.

SO ORDERED.

Dated:  February 1, 2022
New York, New York

_____
Vernon S. Broderick
United States District Judge